

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-15-2002

# Prosper v. Elwood

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-1667

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Prosper v. Elwood" (2002). *2002 Decisions*. Paper 734.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/734

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

————

No:  02-1667

————

EDWIN OBAFEMI PROSPER,

Appellant

v.

*KENNETH J. ELWOOD, DISTRICT
DIRECTOR INS PHILADELPHIA;
ROBERT CULLEY, ACTING DIRECTOR
IMMIGRATION HEARING PROGRAM, INS ALLENWOOD;
IMMIGRATION & NATURALIZATION SERVICE;
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW

* (Amended as per the Clerk's 4/4/02 Order)

————

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
District Court Judge:  The Honorable Bruce W. Kauffman
(D.C. Civ. Nos. 99-cv-05304, 99-cv-05497)

————

Submitted Under Third Circuit L.A.R. 34.1(a)
October 29, 2002

Before:  SLOVITER, FUENTES, and DEBEVOISE*, Circuit Judges

(Opinion Filed: November 15, 2002)

———————

*Honorable Dickinson R. Debevoise, United States District Judge for the District
of New Jersey, sitting by designation.

———————

FUENTES, Circuit Judge:

Appellant Edwin Obafemi Prosper ("Prosper") appeals an order of the United States District Court for the Eastern District of Pennsylvania, denying his petition for habeas corpus. Prosper contends that the Immigration and Naturalization Service ("INS") improperly denied him a hearing at which he could challenge the termination of his conditional permanent resident status and seek a discretionary waiver of his conviction for an aggravated felony. Because we agree that such a hearing was not required, we affirm the Order of the District Court.

## I. Facts and Procedural History

Prosper, a citizen of Nigeria, entered the United States in 1985 on a tourist visa. He married Cynthia Helen Bush, a United States citizen, on September 26, 1986. As a result of that marriage, Prosper obtained permanent resident status on a conditional basis pursuant to 8 U.S.C. § 1186a. Prosper and his wife later applied to remove the conditional basis of his status pursuant to 8 U.S.C. § 1186a(c); however, the INS denied the request after concluding that the marriage was fraudulent.

On January 13, 1992, Prosper was convicted in DeKalb County, Georgia on two separate counts of credit card fraud. He and his wife later "remarried" and submitted a second petition on Prosper's behalf. The INS approved the second petition on December 7,

1994 and issued an "Order to Show Cause" ("OSC") that same day, alleging that Prosper was deportable as a result of the two convictions for crimes of moral turpitude pursuant to 8 U.S.C. § 1227(a)(2)(A)(ii).

An INS official later cancelled the original OSC. In January 1995, the INS issued a "Notice of Intent to Deny" the joint petition filed by Prosper and his wife, but the agency did not formally deny the petition until March 16, 1995. On that same day the assistant district director of the INS issued a second OSC. In addition to alleging that Prosper was deportable due to his two convictions for crimes of moral turpitude, this OSC alleged that Prosper was deportable due to the cancellation of his conditional resident status. An INS official cancelled this OSC sometime afterwards.

Thereafter, Prosper was indicted in federal court in Minnesota for money laundering and committing fraud on a financial institution. The court sentenced him to 40 months incarceration and ordered him to pay restitution in the amount of $269,288. The conviction qualified as an "aggravated felony" under 8 U.S.C. § 1101(a)(43). On February 4, 1999, while Prosper was serving his federal sentence, the INS initiated expedited removal proceedings against him, pursuant to 8 U.S.C. § 1228(b), as one who had been convicted of one or more aggravated felonies. The INS subsequently issued a final order of removal.

In August 2000, Prosper applied for withholding of removal pursuant to 8 U.S.C. § 1231(b)(3) and deferral of removal under the Convention Against Torture. An asylum officer denied the applications and referred the matter to an Immigration Judge ("IJ"). After

3

listening to testimony, the IJ denied both the withholding and Torture Convention claims.

The BIA dismissed an appeal from this decision on July 12, 2001. Prosper filed a habeas

petition in the United States District Court for the Eastern District of Pennsylvania

challenging his removal. The District Court denied the petition on February 27, 2002.

## II. Jurisdiction and Standard of Review

The District Court exercised jurisdiction over Prosper's habeas petition pursuant to

28 U.S.C. § 2241(c). See INS v. St. Cyr, 533 U.S. 289 (2001) (holding that neither the

Antiterrorism and Effective Death Penalty Act of 1996 nor the Illegal Immigration Reform

Act of 1996 repealed the District Court's jurisdiction to review aliens' habeas petitions).

This Court exercises appellate jurisdiction over the District Court's order denying habeas

relief pursuant to 28 U.S.C. §§ 1291 and 2253. See Steele v. Blackman, 236 F.3d 130, 133

(3d Cir. 2001). We review *de novo* the District Court's denial of habeas corpus relief and

its interpretation of the applicable statute. See Gerbier v. Holmes, 280 F.3d 297, 302 (3d

Cir. 2002).

## III. Discussion

"Any alien who is convicted of an aggravated felony at any time after admission is

deportable." 8 U.S.C. § 1227(a)(2)(A)(iii). The Immigration and Naturalization Act

provides for the expedited removal of aliens convicted of committing aggravated felonies.

Specifically, § 1228 states as follows:

> (1) The Attorney General may, in the case of an alien described in paragraph
> (2), determine the deportability of such alien under section
> 1227(a)(2)(A)(iii) of this title (relating to conviction of an aggravated

4

felony) and issue an order of removal pursuant to the procedures set forth in this subsection or section 1229a of this title.

    (2)  An alien is described in this paragraph if the alien –
        (A)  was not lawfully admitted for permanent residence at the time at which proceedings under this section commenced; or
        (B)  had permanent resident status on a conditional basis (as described in section 1186a of this title) at the time that proceedings under this section commenced.

8 U.S.C. § 1228(b).  This statutory language clearly applies to an alien in Prosper's circumstances.  As a result of the cancellation of his permanent resident status, Prosper was not "lawfully admitted for permanent residence" at the time at which expedited removal proceedings commenced.  Even if Prosper were to argue that he retained his "permanent resident status on a conditional basis" at the time expedited removal proceeding commenced, the statutory language would still apply to him.  Prosper concedes that his conviction for money laundering and fraud in Minnesota qualifies as an aggravated felony under 8 U.S.C. § 1101(a)(43).  Thus, the INS properly ordered Prosper removed pursuant to the expedited removal procedure outlined in the statute.

Nonetheless, Prosper argues that the INS deprived him of lawful permanent residence pursuant to a statute that provides for review of that decision in removal proceedings.  See 8 U.S.C. § 1186a(c)(3)(C) and (D).  He contends that had he been granted a hearing in such proceedings, he would have been able to apply for lawful permanent residence again under 8 U.S.C. § 1255 with a concurrent application to waive the effect of his conviction under 8 U.S.C. § 1182(h).

We reject Prosper's argument.  The Immigration and Nationality Act grants the

Attorney General exclusive jurisdiction over any decision to commence removal proceedings and precludes federal court jurisdiction over such a decision. Section 1252(g) states:

> Except as provided in this section and notwithstanding any other provision of law, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

8 U.S.C. § 1252(g). In emphasizing that Congress intended to bar judicial review of a decision to commence removal proceedings, the United States Supreme Court has stated that the purpose of § 1252(g) is to "give some measure of protection ... to discretionary determinations" of the Attorney General, and to prevent "separate rounds of judicial intervention outside the streamlined process that Congress has designed." Reno v. American-Arab Anti-Discrimination Comm., 525 U.S. 471, 485 (1999). Other circuit courts have extended this reasoning and held that "[i]f judicial review of a decision to commence proceedings is barred, it follows that section 1252(g) also precludes judicial review of the Attorney General's decision *not* to commence removal proceedings." Chapinski v. Ziglar, 278 F.3d 718, 721 (7th Cir. 2002) (citing Alvidres-Reyes v. Reno, 180 F.3d 199, 205 (5th Cir. 1999)).

We agree with the reasoning in these cases and conclude that the Attorney General's decision to place Prosper into expedited removal proceedings, rather than removal proceedings pursuant to 8 U.S.C. § 1186a(c)(3)(D), is not subject to judicial review. Lending further support to our decision is the language of 8 U.S.C. § 1186a(c)(3)(D),

6

which states that "[a]ny alien whose permanent resident status is terminated under subparagraph (C) *may request* a review of such determination in a proceeding to remove the alien." (emphasis added). Even if the Attorney General's decision were subject to judicial review, this language places no requirement on the Attorney General to commence a removal proceeding.

In addition, Prosper's chances of obtaining a waiver of his conviction under 8 U.S.C. 1182(h) are speculative, and he even may be barred from seeking such a waiver. Under 8 U.S.C. 1182(h), such a waiver may not be granted "in the case of an alien who has previously been admitted for permanent residence if ... since the date of such admission the alien has been convicted of an aggravated felony ... ." Prosper was previously admitted as a conditional permanent resident, and, in most instances, a conditional permanent resident is treated in the same manner as a permanent resident.[1] Because Prosper was convicted of an aggravated felony subsequent to his admission for conditional permanent residence in 1987, he arguably is not eligible for a waiver of his conviction.

### IV. Conclusion

Accordingly, for the reasons stated above, we affirm the judgment of the District Court.

---

[1] "A conditional permanent resident is one who has been lawfully admitted for permanent residence ... . Unless otherwise specified, the rights, privileges, responsibilities and duties which apply to all other lawful permanent residents apply equally to conditional permanent residents ... ." 8 C.F.R. § 216.1.

_____
TO THE CLERK OF THE COURT:

Kindly file the foregoing Opinion.

                                    /s/ Julio M. Fuentes
                                    Circuit Judge