

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-27-2003

# Sharma v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket 01-3989

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Sharma v. Atty Gen USA" (2003). *2003 Decisions.* Paper 787.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/787

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

<u>NOT PRECEDENTIAL</u>

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 01-3989/3990, 02-2062/2063
_____

CHANDRA D. SHARMA,
Petitioner in 01-3989 and 02-2063,

v.

JOHN D. ASHCROFT, Attorney General of the United States,
Respondent
_____

SUBODH C.. SHARMA,
Petitioner in 01-3990 and 02-2062,

v.

JOHN D. ASHCROFT, Attorney General of the United States,
Respondent
_____

On Petition for Review of an Order of the Board of Immigration Appeals
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
January 14, 2003

Before: ROTH, FUENTES, <u>Circuit Judges</u>, and ALDISERT <u>Senior Circuit Judge</u>.

(Opinion Filed: February 27, 2003)

_____

OPINION
_____

FUENTES, <u>Circuit Judge</u>:

This consolidated petition arises from immigration proceedings in which the Board of Immigration Appeals ("BIA") affirmed a final order of removal that was entered against Chandra and Subodh Sharma ("the Sharmas") on the basis of their bank fraud and conspiracy convictions and then denied their motions to reopen. Because we find that the BIA reasonably determined that the Sharmas' convictions fit within the "aggravated felony" definitions found in INA sections 101(a)(43)(M)(i) and (U), we will dismiss the Sharmas' consolidated petition for lack of jurisdiction.

I.

Chandra Sharma is a native and citizen of India and has been a lawful permanent in the United States since 1981. His son, Subodh Sharma, also a native and citizen of India, has been a lawful permanent resident in the United States since 1979. For many years, the Sharmas lived as respected members of their community in Pennsylvania.

On July 7, 1998, however, in the United States District Court for the Middle District of Pennsylvania, the Sharmas were convicted of one count of conspiracy to commit bank fraud in violation of 18 U.S.C. § 371, two counts of bank fraud in violation of 18 U.S.C. § 1344, and two counts of false statements regarding loan or credit applications in violation of 18 U.S.C. § 1014.[1] The convictions arose from events dating back to 1986. The Sharmas schemed to defraud banks of over $1,500,000 by procuring loans and lines of credit by means of false representations regarding their financial resources.

---

[1]The convictions were affirmed by this Court in United States v. Sharma, 190 F.3d 220 (3d Cir. 1999).

On July 6, 1998, the Sharmas were each sentenced to a 33-month term of imprisonment to be followed by three years of supervised release.[2] As part of the judgment, the District Court ordered the Sharmas to pay $63,734 in restitution to one of the conspiracy victims, the Department of Public Welfare of the Commonwealth of Pennsylvania. The District Court did not order the payment of restitution to the other victims, the State Bank of India and the Commerce Bank.

Removal proceedings were initiated in September 1999 by the filing of Notices to Appear before the Immigration Court charging each of the Sharmas with several counts of deportability under section 237(a)(2)(A)(iii) of the INA, 8 U.S.C. § 1227(a)(2)(A)(iii), for having been convicted of aggravated felonies. The counts alleged that the Sharmas had been convicted of aggravated felonies as defined in sections 101(a)(43)(M)(i) and (ii) of the INA (fraud or deceit in which the loss to the victims exceeds $10,000, and tax evasion in which the revenue loss exceeds $10,000). The INS later withdrew another charge and substituted charges based on the definition at INA section 101(a)(43)(U) (conspiracy to commit offense defined elsewhwere as aggravated felony), and section 237(a)(2)(A)(ii) (convicted of two or more crimes involving moral turpitude not arising out of a single scheme of criminal misconduct).

On December 19, 2000, the Immigration Judge issued a decision sustaining removability. Specifically, the Immigration Judge found that the INS had shown by clear and convincing evidence that the Sharmas' bank fraud and conspiracy convictions were for

---

[2]The Sharmas' sentences were based on a total offense level of 20, which reflected a twelve-point increase in the base offense level because the losses to the victims exceeded $1,500,000 but were less than $2,500,000.

aggravated felonies as defined under INA sections 101(a)(43)(M)(i) and (ii) and (U). The Immigration Judge did not sustain the charge of removability on the basis of their convictions for crimes of moral turpitude.

On October 4, 2001, the BIA issued a decision upholding the Immigration Judge's removal orders. The BIA held that the Sharmas' bank fraud convictions under 18 U.S.C. § 1344 were aggravated felonies as defined at INA section 101(a)(43)(M)(i) because the offenses involved fraud or deceit and the record of conviction established that the losses to the victims exceeded $10,000. The BIA also held that the Sharmas' conspiracy convictions came within the definition of aggravated felony found at INA section 101(a)(43)(U) in that the conviction related to an attempt or conspiracy to commit offenses described in INA sections 101(a)(43)(M)(i) and (ii). Accordingly, the BIA dismissed the Sharmas' appeal.

The Sharmas filed timely petitions for review of the BIA's dismissal of their appeal with this Court. On December 12, 2002, the INS moved to dismiss their petitions for lack of subject matter jurisdiction. The Sharmas cross-moved to consolidate their petitions and for a stay of removal. On March 1, 2002, this Court referred the INS motion to dismiss to this merits panel, granted a stay of removal, and granted the motion to consolidate the petitions.

On October 24, 2001, the Sharmas moved the BIA to reopen their removal proceedings. In support of their motion, the Sharmas claimed eligibility for discretionary waivers under former INA sections 212(c) and (h). The Sharmas also submitted to the BIA an order from the U.S. District Court for the Middle District of Pennsylvania eliminating the words "false tax return and money laundering" from the Sharmas' judgments of conviction. On April 2, 2002, the BIA denied the Sharmas' motion to reopen because they were ineligible for waivers and

4

because, even after the amendments to their judgments of conviction, the Sharmas "remain removable as convicted aggravated felons by virtue of their convictions for conspiracy to commit bank fraud . . ., and bank fraud. . . " under INA sections 101(a)(43)(M)(i) and (U).

Following the BIA's denial of the Sharmas' joint motion to reopen proceedings, the Sharmas filed timely petitions for review of the denial of their motions and moved to consolidate those petitions with the earlier-filed petitions. On May 1, 2002, this Court consolidated all four of the Sharmas' petitions.

II.

The BIA's jurisdiction over this matter derived from 8 C.F.R. §§ 3.1(b)(3) and 3.2(a). As a general matter, this Court has jurisdiction to review final orders of removal under 8 U.S.C. § 1252(a). Because the Sharmas are aliens who are removable for having been convicted of an aggravated felony, however, we have limited jurisdiction over their petition to review the final removal order. See 8 U.S.C. § 1252(a)(2)(C) (2002) ("[N]o court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a criminal offense covered in section . . . 1227(a)(2)(A)(iii)."). This jurisdiction-stripping provision comes into play only when: "(1) the petitioner is an alien (2) who is deportable by reason of having been convicted of one of the enumerated offenses." Drakes v. Zimski, 240 F.3d 246, 247 (3d Cir. 2001). We have jurisdiction "to determine whether these jurisdictional facts are present." Id.; see also Valansi v. Ashcroft, 278 F.3d 203, 207 (3d Cir. 2002); Francis v. Reno, 269 F.3d 162, 165 (3d Cir. 2001).

III.

5

The Sharmas argue that their bank fraud convictions do not qualify as aggravated felonies and that they therefore cannot be deported pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii).[3] If they are correct, judicial review is not precluded and the removal order will be vacated for failing to allege a removable offense. If they are incorrect, 8 U.S.C. § 1252(a)(2)(C) deprives us of jurisdiction to inquire any further into the merits, and the removal order will stand.

In determining whether an offense constitutes an aggravated felony, the test is whether the legal elements of that offense correspond to the legal elements required for aggravated felony classification. See Drakes, 240 F.3d at 248. Congress defined "bank fraud" as executing, or attempting to execute, a scheme or artifice "(1) to defraud a financial institution; or (2) to obtain any of the moneys . . . owned by, or under the custody or control of, a financial institution, by means of false or fraudulent pretenses, representations, or promises . . ." 18 U.S.C. § 1344. Congress defined "aggravated felony" in pertinent part as "an offense that involves fraud or deceit in which the loss to the victim or victims exceeds $10,000. . ." 8 U.S.C. § 1101(a)(43)(M)(i).

The BIA found that the definition of "bank fraud" fits within the definition of "aggravated felony" at issue in this case. (BIA Decision dated Oct. 4, 2001, at pp. 3-4). Specifically, the BIA held:

> We reject the [Sharmas'] argument that a conviction for bank fraud under 18 U.S.C. § 1344 is not a conviction for an offense with the necessary legal element of fraud or deceit. As the [INS] points out, section 101(a)(43)(M)(i)

[3]Their conspiracy convictions will not qualify as aggravated felonies if the underlying substantive convictions do not qualify. That is because INA section 101(a)(43)(U) defines aggravated felony as a conviction related to an attempt or conspiracy to commit offenses described in other INA sections, including 101(a)(43)(M)(i), the section within which the BIA found the offense of bank fraud fits.

does not define "fraud" or "deceit." Therefore, looking at the plain meaning and commonly understood use of the words "fraud" and "deceit" we conclude that the [Sharmas'] conviction for "bank fraud" falls within the offenses described in section 101(a)(43)(M)(i) of the Act.

Id. at 4.

When the statutory language at issue is unambiguous, a court must effectuate Congress's clearly expressed intent. Valansi, 278 F.3d at 209. If Congress' intent is unclear, we will defer to the agency's interpretation so long as it is a permissible construction of the statute. Chevron U.S.A. v. Natural Resources Defense Council, 467 U.S. 837, 843-44 (1984); see also INS v. Aguirre-Aguirre, 526 U.S. 415, 424-25 (1999); Valansi, 278 F.3d at 208-09. With respect to section 101(a)(43)(M)(i) of the INA, Congress did not define the terms "fraud" or "deceit," and thus the meaning of those terms is ambiguous. Therefore, we must determine if the BIA's interpretation of the meaning of the terms "fraud" and "deceit" in section 101(a)(43)(M)(i) is reasonable.

The BIA properly adopted the "plain meaning and commonly understood use of the words 'fraud' and 'deceit'" in the absence of definitions supplied by the statute. (BIA Decision dated Oct. 4, 2001, at p. 4). The BIA then determined that the conduct criminalized in 18 U.S.C. § 1344 falls within the "plain meaning and commonly understood" meaning of "fraud" or "deceit." Id. We find the interpretation to be reasonable because it is in keeping with precedent.

In Neder v. United States, the Supreme Court interpreted the word "defraud" in 18 U.S.C. § 1344 in accordance with its common law meaning. 527 U.S. 1, 20-25 (1999). This Court, too, has interpreted the term "defraud" in 18 U.S.C. § 1134(1) to invoke the common

7

law meaning of "fraud" and/or "deceit." United States v. Schwartz, 899 F.2d 243, 246-47 (3d Cir. 1990). In Neder, the Court indicated that the word "defraud" in 18 U.S.C. § 1334(1) was not limited to the specific kind of fraud known as "false pretenses," but rather encompasses a broader common law definition. 527 U.S. at 23-24. Thus, it is clear that section 1334(2)'s definition of bank fraud as involving a scheme to obtain property "by means of false or fraudulent pretenses, representations, or promises" references a particular kind of fraud whereas section 1334(1)'s definition includes other kinds of common law fraud. Because both sections of 18 U.S.C. § 1334 involve the common law meaning of "fraud" or "deceit," we are satisfied that the BIA's interpretation is reasonable.[4]

The BIA's determination with respect to the $10,000 loss requirement set forth in section 101(a)(43)(M)(i) was also reasonable. The loss calculation is based on the entire scheme to defraud. Khalayleh v. INS, 287 F.3d 978, 980 (10th Cir. 2002). Here, it is clear that the Sharmas' scheme to defraud resulted in aggregate losses of more than $1,500,000, but less than $2,500,000 as indicated by the base offense level calculation made at the time of the sentencing.

The Sharmas raise two additional points that we can consider in determining whether we have jurisdiction to review the BIA's final order of removal. First, the Sharmas assert that even if the aggravated felony charge is upheld, it would violate the ex post facto clause in Article I, § 9 of the Constitution as well as the due process clause of the Fifth Amendment.

---

[4]Our analysis is unaffected by whether the Sharmas were found guilty under one or both subsections of 18 U.S.C. § 1344 because they were indicted under both subsections, and we have determined that both subsections comport with the meaning of "fraud" or "deceit" found in INA section 101(a)(43)(M)(i).

8

They base their argument on the fact that their criminal conduct occurred before Congress classified that conduct as aggravated felonies. Their argument is contrary to well-settled precedent holding that constitutional retroactivity challenges are not available to aliens appealing civil deportation statutes, such as the one at issue in this case. See e.g. INS v. Lopez-Mendoza, 468 U.S. 1032, 1038 (1984); Galvan v. Press, 347 U.S. 522, 531-32 (1954); Perez v. Ellwood, 294 F.3d 552, 557 (3d Cir. 2002).

Second, the Sharmas assert that even if they are removable as aggravated felons, they should be allowed to apply for a waiver of inadmissibility under INA section 212(h), 8 U.S.C. § 1182(h), in connection with an application for an adjustment of status under INA section 245, 8 U.S.C. § 1255. At present, they are not allowed to apply, though, because Congress eliminated section 212(h) waivers for aggravated felons who have been admitted as lawful permanent residents ("LPRs") in section 348(a) of IIRIRA. The Sharmas argue that the absence of a comparable disqualification for aggravated felons who are not LPRs ("non-LPRs") leads to the conclusion that Congress created a distinction that violates the equal protection component of the Fifth Amendment's due process clause. This precise issue was recently decided by this Court in a manner contrary to the Sharmas' argument. DeLeon-Reynoso v. Ashcroft, 293 F.3d 633, 641 (3d Cir. 2002) (holding the distinction in section 212(h) does not violate the equal protection component of the Fifth Amendment's due process clause because "[i]n legislation aimed at the legitimate government interest of expediting the deportation of immigrants who commit serious crimes in this country, we cannot say that the distinction between [LPRs and non-LPRs] . . . is irrational"). Accordingly, this argument fails.

Because we find that the BIA permissibly determined that the Sharmas' convictions fit within the "aggravated felony" definitions found in INA sections 101(a)(43)(M)(i) and (U), we conclude that 8 U.S.C. § 1252(a)(2)(C) deprives us of jurisdiction to inquire any further into the merits of their petition for review.

IV.

For the foregoing reasons, we dismiss the Sharmas' consolidated petition for review of the BIA's final order of removal for lack of jurisdiction.

_____

TO THE CLERK OF THE COURT:

Kindly file the foregoing Opinion.

/s/ Julio M. Fuentes
Circuit Judge