**UNITED STATES of America,**
**Plaintiff–Appellant,**

**v.**

**Luis HERNANDEZ–VERMUDEZ, aka John Doe, aka Luis Hernandez Vermudez, aka Luis Hernandez–Bermudez, aka, Luis Eduardo Hernandez, Defendant–Appellee.**

No. 03–50160.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 8, 2003.

Filed Jan. 26, 2004.

Brian M. Hoffstadt, Assistant United States Attorney, Los Angeles, CA, for plaintiff-appellant.

James H. Locklin, Deputy Federal Public Defender, Los Angeles, CA, for defendant-appellee.

Before BRUNETTI, T.G. NELSON, and SILVERMAN, Circuit Judges.

SILVERMAN, Circuit Judge:

We hold today that an illegal alien who enters this country without inspection and commits an aggravated felony is subject to administrative removal pursuant to 8 U.S.C. § 1228(b). Such an alien is treated just as one who was "admitted" to the United States and who then committed an aggravated felony. We reject the contention that Congress intended to exempt from expedited administrative removal aggravated felons who enter the country by sneaking in. *Accord: Bazan Reyes v. INS*, 256 F.3d 600, 605 (7th Cir.2001).

## I. FACTS

In 1985, Hernandez–Vermudez, a citizen of Mexico, entered the United States illegally. In 1998, he was convicted in the Superior Court of California of two felonies, corporal injury to a child and corporal injury to a spouse, in violation of California Penal Code §§ 273.5(a), 273d(a). He was sentenced to two years imprisonment.

In March, 1999, while still in prison, Hernandez–Vermudez was served with an INS Notice of Intent to Issue a Final Administrative Removal Order. The notice contained a complete statement of his rights, including the right to seek judicial review of the final administrative order. Hernandez–Vermudez waived both his right to contest the charges of deportability and his right to petition for review of the removal order. He also stated he wished to be deported to Mexico. Upon completion of his prison sentence, Hernandez–Vermudez was administratively removed to Mexico pursuant to 8 U.S.C. § 1228(b).

In early 2001, Hernandez–Vermudez was again found in the United States. He signed a notice stating that he did not wish to contest the reinstatement of the prior removal order. Once again, he was removed to Mexico.

Now the current charges: The government alleges that on May 9, 2002, Hernandez–Vermudez again was found in the United States. The indictment charges him with one count of being an illegal alien found in the United States following deportation and conviction of aggravated felonies, in violation of 8 U.S.C. § 1326(a), (b)(2).

Hernandez–Vermudez moved to dismiss the indictment on the ground that his prior removals were invalid. He argued that federal law authorizes expedited administrative removal only in the case of an alien who was "admitted" to this country, not in the case of an alien like himself who entered the United States without inspection. The district court agreed with his reading of the statutes[1] and dismissed the indictment pursuant to 8 U.S.C. § 1326(d).[2] The government appeals.

---

1. 8 U.S.C. §§ 1227(a)(2)(A)(iii), 1228(b).

2. 8 U.S.C. § 1326(d) provides:

   In a criminal proceeding under this section, an alien may not challenge the validity of the deportation order described in subsection (a)(1) of this section or subsection (b) of this section unless the alien demonstrates that—

   (1) the alien exhausted any administrative remedies that may have been available to seek relief against the order;

## II. JURISDICTION AND STANDARDS OF REVIEW

■■■ We have jurisdiction pursuant to 18 U.S.C. § 3731. We review de novo the collateral challenge to the underlying deportation proceeding. *United States v. Ahumada–Aguilar,* 295 F.3d 943, 947 (9th Cir.2002). Similarly, we review de novo the district court's interpretation of a federal statute. *United States v. Carranza,* 289 F.3d 634, 642 (9th Cir.), *cert. denied,* 537 U.S. 1037, 123 S.Ct. 572, 154 L.Ed.2d 458 (2002).

## III. ANALYSIS

■■■ Section 1228(b) states in relevant part:

**(b) Removal of aliens who are not permanent residents**

(1) The Attorney General may, in the case of an alien described in paragraph (2), determine the deportability of such alien under section 1227(a)(2)(A)(iii) of this title (relating to conviction of an aggravated felony) and issue an order of removal pursuant to the procedures set forth in this subsection or section 1229a of this title.

(2) An alien is described in this paragraph if the alien—

(A) was not lawfully admitted for permanent residence at the time at which proceedings under this section commenced; or

(B) had permanent resident status on a conditional basis (as described in section 1186a of this title) at the time that proceedings under this section commenced.

8 U.S.C. § 1228(b) (2003).

Paragraph (1) of the above subsection refers to § 1227(a)(2)(iii) "relating to conviction of an aggravated felony." That section states:

Any alien who is convicted of an aggravated felony at any time after admission is deportable.

The question in this case is what to make of the reference in § 1228(b)(1) to "section 1227(a)(2)(A)(iii) ... (relating to conviction of an aggravated felony)"? Does the reference to § 1227(a)(2)(A)(iii) limit expedited administrative removal only to aggravated felon aliens *who were admitted?* Or is the reference to § 1227(a)(2)(A)(iii) and the accompanying parenthetical intended to mean that, among persons who are not permanent residents, *only aggravated felons* are subject to expedited administrative removal? We agree with the Seventh Circuit that the latter is the case. In *Baza Reyes v. INS,* 256 F.3d 600, 605 (7th Cir. 2001), the court explained:

Bazan Reyes argues that, since he has not been admitted to this country, he does not fall under 8 U.S.C. § 1227, and thus may not be placed in expedited proceedings. We disagree. Section 1228(b) of Title 8 of the United States Code, entitled "Removal of aliens who are not permanent residents," allows the Attorney General to utilize expedited proceedings to remove certain aliens who are not lawful·permanent residents, including those who have been convicted of aggravated felonies. Nothing in that section prohibits its application to parolees, and, as the government points out, construing the statute to forbid its application to parolees would provide more favorable treatment for parolees than for lawfully admitted aliens. We cannot believe that Congress intended such a result. We find it more plausible that

(2) the deportation proceedings at which the order was issued improperly deprived the alien of the opportunity for judicial review; and

(3) the entry of the order was fundamentally unfair.

the reference to § 1227(a)(2)(A)(iii) simply operates to incorporate the definition of aggravated felony set out in that section to elucidate which non-lawful resident aliens may be placed in expedited proceedings. Therefore, we reject Bazan Reyes' argument that he was improperly placed in removal proceedings. . . .

*Id.*[3]

We acknowledge that the statute can be read as Hernandez–Vermudez urges. But such a reading is at odds, not just with the statute's title as *Bazan Reyes* noted, but also with the language of § 1228(b)(2), which specifically defines the class of aliens ineligible for expedited administrative removal. Tellingly, illegal aliens are not among this class.

▇▇ Because § 1228(b) is ambiguous, we look to legislative history in an effort to discern Congress's intent. *Defenders of Wildlife v. Norton*, 258 F.3d 1136, 1142 n. 8 (9th Cir.2001). Sometimes legislative history is itself ambiguous. Not this time. There simply is no denying that in enacting the Violent Crime Control and Law Enforcement Act of 1994,[4] and the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA),[5] Congress intended to expedite the removal of criminal aliens. *Taniguchi v. Schultz*, 303 F.3d 950, 958 (9th Cir.2002); *see also Zhang v. INS*, 274 F.3d 103, 108 (2d Cir. 2001) ("[I]t is beyond cavil that one of Congress's principal goals in enacting IIRIRA was to expedite the removal of aliens who have been convicted of aggravated felonies."); H.R. Conf. Rep. No. 104–828,

at 215 (1996); H.R.Rep. No. 104–469(I), at 12, 107, 118–25 (1996).

Hernandez–Vermudez argues that *Taniguchi v. Schultz*, 303 F.3d 950 (9th Cir. 2002), compels a contrary result. In that case, Taniguchi contended that 8 U.S.C. § 1182(h) violated her right to equal protection by providing for a waiver of deportation to aggravated felons who are not lawful permanent residents, while denying such relief to aggravated felons who *are* lawful permanent residents. Given the equal protection nature of the challenge, the issue before us was whether Congress could have had a rational basis for treating those two groups of aggravated felons differently. We identified a rational reason and upheld the statute's constitutionality. *Id.* at 957–58.

Our task in the present case is quite different. We are called upon to interpret an ambiguous statute. Our job is to ascertain the actual intent of Congress rather than to hypothesize whether Congress could have had a rational reason for writing the law as it did. *United States v. Cabaccang*, 332 F.3d 622, 628 (9th Cir. 2003) (en banc). Congress clearly intended to expedite the removal of criminal aliens who are not lawful permanent residents.

▇▇ Finally, because the statute is ambiguous, we defer to the Attorney General's interpretation of § 1228(b). *See Chevron U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 842–43, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984). Congress has expressly delegated authority to

---

**3.** *See also Bamba v. Elwood*, 252 F.Supp.2d 195, 202–03 (E.D.Pa.2003); cf. *Zhang v. INS*, 274 F.3d 103, 107–08 (2d Cir.2001) (rejecting the argument that § 1252(a)(2)(C)'s reference to § 1227(a)(2)(A)(iii) limits § 1252(a)(2)(C)'s application only to aliens who were "admitted" and holding that the reference to § 1227(a)(2)(A)(iii) simply includes aliens who have committed aggravated felonies).

**4.** Pub. L. No. 103–322, Title XIII, § 130004, 108 Stat. 2026–28 (1994) (codified at 8 U.S.C. § 1252a(b)).

**5.** IIRIRA § 304(c), Pub. L. No. 104–208, Div. C, 110 Stat. 3009–597 (1996) (codified at 8 U.S.C. § 1228(b)(5)).

the Attorney General to promulgate regulations for proceedings under § 1228(b). *See* 8 U.S.C. § 1228(b)(4). The Attorney General promulgated 8 C.F.R. § 238.1, which applies § 1228(b) to aliens, like Hernandez–Vermudez, who were not admitted or paroled.[6] 8 C.F.R. § 238.1(b)(1)(iv) (2003); *see also* Administrative Deportation Procedures for Aliens Convicted of Aggravated Felonies Who Are Not Lawful Permanent Residents, 60 Fed.Reg. 43954 (Aug. 24, 1995) (codified at 8 C.F.R. § 242.25). This interpretation of § 1228(b) is not arbitrary, capricious, or manifestly contrary to the statute. Therefore, the Attorney General's interpretation of § 1228(b) is entitled to deference. *Chevron*, 467 U.S. at 844, 104 S.Ct. 2778.

For these reasons, the judgment of the district court dismissing the indictment is REVERSED and the case REMANDED for further proceedings.

---

6. The regulation provides in relevant part:

PART 238—EXPEDITED REMOVAL OF AGGRAVATED FELONS

§ 238.1 Proceedings under section 238(b) of the Act.

(b) Preliminary consideration and Notice of Intent to Issue a Final Administrative Deportation Order; commencement of proceedings—

(1) Basis of Service charge. An issuing Service officer shall cause to be served upon an alien a Form I–851, Notice of Intent to Issue a Final Administrative Deportation Order (Notice of Intent), if the officer is satisfied that there is sufficient evidence, based upon questioning of the alien by an immigration officer and upon any other evidence obtained, to support a finding that the individual:

(i) Is an alien;

(ii) Has not been lawfully admitted for permanent residence, or has conditional permanent resident status under section 216 of the Act;

(iii) Has been convicted (as defined in section 101(a)(48) of the Act and as demonstrated by any of the documents or records listed in § 3.41 of this chapter) of an aggravated felony and such conviction has become final; and

(iv) **Is deportable under section 237(a)(2)(A)(iii) of the Act, including an alien who has neither been admitted nor paroled, but who is conclusively presumed deportable under section 237(a)(2)(A)(iii) by operation of section 238(c) of the Act ("Presumption of Deportability").**

8 C.F.R. § 238.1(b)(1)(iv) (2003) (emphasis added); *see also* 62 Fed. Reg. 10312, 10365 (Mar. 6, 1997) (interim rule to implement IIRIRA). 884