

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-13-2005

# Ogundipe v. Secretary Homeland

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-4859

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Ogundipe v. Secretary Homeland" (2005). *2005 Decisions.* Paper 861.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/861

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 03-4859

LANRE OGUNDIPE,

Appellant

v.

UNITED STATES DEPARTMENT OF HOMELAND SECURITY;
KENNETH MCELROY; U.S. IMMIGRATION AND NATURALIZATION
SERVICE, PHILADELPHIA DISTRICT

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 01-cv-04261)
District Judge: Honorable Anita B. Brody

Submitted Under Third Circuit LAR 34.1(a)
June 6, 2005

Before: AMBRO, STAPLETON and ALARCÓN*, Circuit Judges

(Opinion filed    July 13, 2005 )

OPINION

_____

*Honorable Arthur L. Alarcón, Senior United States Circuit Judge for the Ninth
Circuit Court of Appeals, sitting by designation.

AMBRO, <u>Circuit Judge</u>

Lanre Ogundipe appeals[1] the District Court's decision denying his petition for writ of *habeas corpus* in this immigration case. For the reasons that follow, we affirm.

## I.       Factual Background and Procedural History

Because we write solely for the benefit of the parties, we only briefly recount the facts giving rise to this appeal. Ogundipe is a native and citizen of Nigeria who initially entered the United States in December 1982 on a student visa. Following his conviction for unauthorized use of a credit card in violation of federal law and issuing worthless checks in violation of Louisiana law, Ogundipe was deported in November 1989.

After re-entering the United States in 1990, Ogundipe was arrested and deported a second time. He again re-entered the United States and married his fiancee, who became a United States citizen. In May 1997, Ogundipe filed an application to adjust his status to that of a lawful permanent resident. In February 2000, Ogundipe was convicted of bank fraud in violation of 18 U.S.C. § 1344. The conviction constitutes an aggravated felony for immigration purposes under 8 U.S.C. § 1101(a)(43)(G).

In November 2000, the former Immigration and Nationality Service ("INS") sought to deport Ogundipe on the basis of prior deportation orders, and in February 2001

---

[1] The REAL ID Act of 2005, Pub. L. No. 109-13 (2005), discussed below, may convert Ogundipe's appeal into a petition for review. For the sake of simplicity, we nevertheless refer to this matter as an appeal. In any event, if it is deemed a petition for review, we deny that petition.

the INS denied Ogundipe's applications for adjustment of status and admission to the United States following deportation. Ogundipe retained counsel and filed a petition for writ of *habeas corpus* in the District Court.

In February 2003, the District Court appointed counsel to represent Ogundipe. Following a telephone conference with the Court and counsel, the INS placed Ogundipe in administrative removal proceedings pursuant to 8 U.S.C. § 1228(b) and abandoned its attempt to reinstate his prior deportation order. In April 2003, Ogundipe filed an amended petition for writ of *habeas corpus*, contending that the administrative removal process violated certain constitutional rights and that he was eligible for various forms of relief. In addition, the INS agreed that Ogundipe could pursue a claim for relief under the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment (codified at 8 U.S.C. § 1231) ("CAT").[2]

In October 2003, the District Court issued its decision on Ogundipe's *habeas* petition, rejecting his constitutional challenges to the administrative removal proceedings and concluding that he is statutorily ineligible for adjustment of status. In addition, the District Court referred Ogundipe to an asylum officer for consideration of his CAT claim. We review his timely appeal.

Because of the Court's action, this claim is not before us. The United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or

---

[2] Because of the Court's action, this claim is not before us.

Punishment, Dec. 10, 1984, 1465 U.N.T.S. 85, implemented in the United States by the Foreign Affairs Reform and Restructuring Act of 1998, Pub. L. No. 105-277, § 2242, 112 Stat. 2681-761 (codified at 8 U.S.C. § 1231) ("CAT").

## II. Jurisdiction

Prior to May 11, 2005, when The REAL ID Act was signed into law, 8 U.S.C. § 1252(a)(2)(C) barred review of final orders of removal for aliens who had been convicted of certain kinds of criminal offenses. Thus, rather than seeking review of final orders of removal, aliens in situations like Ogundipe's were required to seek *habeas* relief in district courts. That relief was limited to "questions of constitutional and statutory law." *Bakhtriger v. Elwood*, 360 F.3d 414, 424 (3d Cir. 2004).

The REAL ID Act amended § 1252(a)(2) to repeal the bar insofar as it affects "constitutional claims" or "questions of law," such as those Ogundipe seeks to raise. REAL ID Act, sec. 106(a)(1)(A)(iii) (codified at 8 U.S.C. § 1252(a)(2)(D)). It is unclear, however, whether that Act converts this *habeas* appeal into a petition for review. Because we would reach the same result in either scenario in this case (we exercise plenary review where a district court dismisses a *habeas corpus* petition based on a legal conclusion without holding an evidentiary hearing, *see, e.g.*, *Bakhtriger*, 360 F.3d at 417, and, generally, where purely legal issues are raised, *see, e.g.*, *Montgomery County Commissioners v. Montgomery County*, 215 F.3d 367, 372 (3d Cir. 2000)), we do not attempt to interpret the relevant language of the Act to resolve this question.

## III.    Discussion

Congress has provided that aliens "not lawfully admitted for permanent residence" who commit certain aggravated felonies are subject to expedited removal procedures. 8 U.S.C. § 1228(b). Because Ogundipe's bank fraud conviction is an aggravated felony, it serves as a basis for administrative removal proceedings under § 1228(b). *Cf. Bamba v. Elwood*, 366 F.3d 195, 200 (3d Cir. 2004) (holding that § 1228(b) applies to aliens convicted of an aggravated felony who are not lawfully admitted for permanent residence). As Ogundipe is subject to administrative removal proceedings, he is barred from receiving any type of discretionary relief from removal. 8 U.S.C. § 1228(b)(5). Though Ogundipe also argues that he is not "amenable" to the expedited removal proceedings, for the reasons explained by the District Court he meets the requirements for removal under the administrative removal scheme, and this argument is therefore unavailing. *See* Dist. Ct. Op. at 5-6 (discussing Ogundipe's meeting requirements for administrative removal proceedings under 8 C.F.R. § 238.1).[3]

Turning to his constitutional arguments, Ogundipe contends that the expedited administrative removal procedure violates his right to due process. Courts have rejected this argument. *See, e.g., United States v. Benitze-Villafuerte*, 186 F.3d 651, 660 (5th Cir.

---

[3]The cases cited by Ogundipe— *Lopez-Flores v. DHS*, 376 F.3d 793 (8th Cir. 2004), and *Perez-Gonzalez v. Ashcroft*, 379 F.3d 783 (9th Cir. 2004)— in letters submitted pursuant to Local Rule 28(j) are distinguishable because neither involved an alien subject to the administrative removal process.

1999) ("[I]t is clear to us that the administrative deportation procedures of § 1228 afforded [the alien] the unimpeded opportunity to claim all the procedural due process to which he was constitutionally entitled."). Furthermore, even assuming *arguendo* that he could show a due process violation, he could still not show that a hearing before the IJ provides a meaningful remedy. Ogundipe is seeking to make his case for a "hardship" waiver under 8 U.S.C. § 1182(h) to an IJ, but even if he obtained that waiver, he would still be inadmissible because of his illegal re-entry after deportation. 8 U.S.C. § 1182(a)(9)(A)(I). Further, Ogundipe has previously sought, without success, essentially the relief he seeks now. That is, he argues that his removal would cause extreme hardship to his family. The BIA, however, has concluded that Ogundipe failed to "demonstrate[] any extreme or unusual hardship" would result if he were not in the United States. (App. 218.)

Regarding his equal protection claim, Ogundipe argues that the fact that certain similarly situated aliens have been placed in regular proceedings establishes that he has been deprived of his right to equal protection under the law. However, even if he were afforded regular removal proceedings, Ogundipe is statutorily ineligible for asylum and withholding of removal under 8 U.S.C. § 1158(b)(2)(B)(i) and 8 U.S.C. § 1231(b)(3)(B)(ii).[4] That consideration renders proceedings before an IJ essentially

_____

[4]Regarding withholding of removal, "the Attorney General may not remove an alien to a country if the Attorney General decides that the alien's life or freedom would be threatened in that country because of the alien's race, religion, nationality, membership in

6

futile, thereby providing grounds for not exercising discretion to place Ogundipe in regular removal proceedings. Thus he cannot show that equal protection principles mandate a hearing before an IJ.

For these reasons, Ogundipe's arguments must fail and we affirm the District Court's decision.

---

a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3)(A). Under 8 U.S.C. § 1231(b)(3)(B)(ii), subsection (A) does not apply to an alien who, "having been convicted by a final judgment of a particularly serious crime[,] is a danger to the community of the United States. . . ." "[F]or purposes of clause (ii), an alien who has been convicted of an aggravated felony (or felonies) for which the alien has been sentenced to an aggregate term of imprisonment of at least 5 years shall be considered to have been convicted of a particularly serious crime." 8 U.S.C. § 1231(b)(3)(B). Ogundipe's sentence was more than five years imprisonment; thus he is barred from receiving this relief.