

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-2-2006

# Gotowicz v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1547

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

## Recommended Citation

"Gotowicz v. Atty Gen USA" (2006). *2006 Decisions.* Paper 1488.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1488

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-1547

MARIA GOTOWICZ, a/k/a Maria Galowicz,
a/k/a Maria Kaabianpour, a/k/a Maria Travolta,

Appellant

v.

ATTORNEY GENERAL OF THE UNITED STATES;
DISTRICT DIRECTOR OF UNITED STATES DEPARTMENT
OF HOMELAND SECURITY, NEWARK, NEW JERSEY;
INTERIM FIELD OFFICE DIRECTOR FOR DETENTION & REMOVAL,
BUREAU OF IMMIGRATION AND CUSTOMS ENFORCEMENT
DISTRICT OFFICE, NEWARK, NEW JERSEY

On Appeal from the United States District Court
for the District of New Jersey
D.C. Civil Action No. 05-cv-00048
(Honorable John W. Bissell)

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 9, 2006

Before: SCIRICA, *Chief Judge*, BARRY and FISHER, *Circuit Judges*

(Filed March 2, 2006)

OPINION OF THE COURT

SCIRICA, *Chief Judge*.

Petitioner Maria Gotowicz appeals the District Court's denial of her petition for a writ of habeas corpus. We have appellate jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253(a). We review the District Court's denial of relief *de novo*. *See Bamba v. Riley*, 366 F.3d 195, 198 (3d Cir. 2004). For the reasons set forth, we will affirm.

Ms. Gotowicz is a native and citizen of Poland who entered the United States illegally in 1996. On April 30, 1999, Gotowicz received a Notice to Appear, charging her with being present in the United States without having been admitted or paroled. On November 4, 1999, Gotowicz appeared before an Immigration Judge and admitted her removability. The IJ entered an Order of Removal and granted Gotowicz's request for voluntary departure to Poland on or before March 3, 2000. Two days later, on November 6, 1999, Gotowicz married a legal permanent resident of the United States. Her husband filed an I-130 petition on her behalf on February 28, 2000, and Gotowicz filed a motion to reopen removal proceedings the following day. In her motion to reopen, Gotowicz sought an adjustment of status in light of her marriage to a permanent legal resident. She did not file an I-485 (application to adjust status) at that time.

In an Order dated March 15, 2000, the IJ denied the motion to reopen on three independent grounds. First, the IJ determined Gotowicz had overstayed her voluntary departure period without showing exceptional circumstances for doing so. Second, the IJ found Gotowicz failed to show an immigrant visa was immediately available to her as

2

required.  Finally, the IJ concluded Gotowicz had not submitted an I-485, the required application for adjustment of status.

Gotowicz appealed to the Board of Immigration Appeals on September 27, 2000, and the appeal was denied on April 20, 2001.  She then filed a motion to reopen and reconsider with the BIA on October 18, 2002.  The motion was denied on December 20, 2002 because it violated the numerical limitation in 8 C.F.R. § 1003.23(b)(1) (limit of one motion to reopen with limited exception).  Gotowicz filed yet another motion to reopen on January 21, 2003, which was denied on April 9, 2003, again on the basis that the motion violated the numerical limitation.

Gotowicz reported to the Detention and Removals Office in Newark, New Jersey and was taken into custody in early January, 2005.  She filed a petition for a writ of habeas corpus with the United States District Court for the District of New Jersey on January 3, 2005.  The District Court denied the application and dismissed the petition on February 15, 2005, concluding the petition did not raise statutory or constitutional challenges necessary to give the court jurisdiction under 28 U.S.C. § 2241.  The District Court found Gotowicz was not denied her statutory right to a determination of the merits of her motion to reopen because the IJ had in fact reached the merits of her claim.  A timely appeal was filed, and we granted a stay of removal pending appeal.

As this Court explained in *Bakhtriger v. Elwood*, the scope of federal habeas review under § 2241 is limited to "questions of constitutional and statutory law."  360 F.3d 414, 424 (3d Cir. 2004), *superseded by statute on other grounds*, REAL ID Act of

3

2005, Pub. L. No. 109-13, 119 Stat. 23, *as recognized in Kamara v. Att'y Gen.*, 420 F.3d 202 (3d Cir. 2005). Thus, our jurisdiction does not extend to a review of discretionary decisions, the sufficiency of evidence, or factual issues in the proceedings below. *Id.* Here, Gotowicz's habeas petition states "[t]he BIA could reconsider the matter *sua sponte* in light of all surrounding circumstances to allow Petitioner the full opportunity to present her case since it would serve the interest of justice." (JA 25). Accordingly, she asks this Court to "compel the BIA to open its doors and reconsider this case in light of the circumstances." (JA 26-27). This challenge of the BIA's exercise of discretion does not raise constitutional or statutory questions, and therefore, is not cognizable on habeas review.

The habeas petition also makes cursory reference to Gotowicz's rights under the Fourth Amendment, and the Due Process and Equal Protection Clauses of the United States Constitution. But the petition fails to provide any evidence, factual allegations, or legal arguments to support a claim that those constitutional rights have been implicated by the IJ and BIA's decisions.

On appeal, Gotowicz asserts a federal statutory question with respect to tolling of her voluntary departure period during the pendency of her original motion to reopen. Under 8 U.S.C. § 1229c(d), an alien who is granted voluntary departure but fails to depart within the time period specified is ineligible for certain relief for a period of ten years, including relief under 8 U.S.C. § 1255 governing adjustment of status. The government argues Gotowicz is barred from adjusting her status because she failed to voluntarily

4

depart by March 3, 2000.  Gotowicz claims the voluntary departure period should have been tolled pending adjudication of her motion to reopen.

In *Kanivets v. Gonzales*, we held that a timely motion to re-open, filed prior to the expiration of the time granted for voluntary departure, tolls the period of voluntary departure during the time the BIA deliberates on the motion.  424 F.3d 330, 335 (3d Cir. 2005).  We relied on our prior decision in *Barrios v. Attorney General*, 399 F.3d 272 (3d Cir. 2005), which found the failure of immigration officials to act on a legitimate application for relief filed within the voluntary departure period to be an "extraordinary circumstance" within the meaning of the predecessor statute to 8 U.S.C. § 1229c(d). *Kanivets*, 424 F.3d at 335 (citing *Barrios*, 399 F.3d at 277).  Accordingly, if Gotowicz filed a timely motion to re-open, the voluntary departure period should have been tolled pending adjudication of her motion on the merits.

Two significant facts distinguish the present case from *Kanivets*.  First, Gotowicz's motion to re-open was not timely filed.  Pursuant to 8 U.S.C. § 1229a(c)(7)(C)(i), a "motion to reopen shall be filed within 90 days of the date of entry of a final administrative order of removal."   A decision becomes final "upon waiver of appeal or upon expiration of the time to appeal if no appeal is taken," whichever comes first.  8 C.F.R. § 1003.39.  The IJ entered the order for voluntary departure and Gotowicz waived her right to appeal on November 4, 1999.  Gotowicz did not file her motion to reopen until February 29, 2000, more than 90 days after the decision became final.  Therefore, her motion was untimely.

Gotowicz's argument that the plain language of 8 U.S.C. § 1101(a)(47)(B) compels a different result is erroneous. That definitional subsection states that an order of deportation shall become final upon the earlier of a determination by the BIA affirming the order or "the expiration of the period in which the alien is permitted to seek review of such order by the Board of Immigration Appeals." Since Gotowicz waived her right to appeal, she was not permitted to seek review of the IJ's order. Thus, the 90 day limitation began to run on the date the IJ's order issued.

Second, even if we were to find the voluntary departure period should have been tolled during the pendency of Gotowicz's untimely motion to reopen, it would have been tolled only until her motion was considered on the merits. The record shows the IJ considered the merits of Gotowicz's motion and the BIA affirmed that decision. Notwithstanding his conclusion that Gotowicz overstayed the voluntary departure period, the IJ denied Gotowicz's motion because she did not show an immigrant visa was immediately available to her and she had not submitted the required I-485 application. Accordingly, the IJ's decision did not deny Gotowicz her statutory right to have her motion to re-open decided on the merits.

For all of these reasons, we conclude Gotowicz's petition does not raise a cognizable question of federal constitutional or statutory law and must be dismissed.[1]

---

[1]The BIA denied Gotowicz's two subsequently filed motions to re-open because they
(continued...)

Accordingly, we will affirm the judgment of the District Court.[2]

---

[1](...continued)
violated the numerical limit set out in 8 C.F.R. § 1003.23(b)(1). Gotowicz asserts the single motion rule should have been equitably tolled. Equitable tolling is not applicable here because Gotowicz's original motion to reopen was not timely.

Gotowicz's claim that the International Covenant of Civil and Political Rights prohibits her deportation was not raised in the District Court. Therefore, she cannot raise it for the first time here.

[2]We note, however, the IJ has discretionary authority to reopen a case upon his own motion at any time pursuant to 8 C.F.R. § 1003.23(b)(1). The record shows Gotowicz has a five-year-old child who is a United States citizen, and her husband became a United States citizen in 2001. Her I-130 has been approved, and Gotowicz has filed and paid the appropriate fees concerning the I-485, I-485A, I-765, and fingerprinting requirements. A work authorization was issued to Gotowicz on August 12, 2002. Gotowicz and her husband attended an adjustment of status interview on August 19, 2002, and her case was pre-approved by the District Adjudication Officer, provided the case before the BIA was closed. In addition, Gotowicz complied with the Order of Supervision issued by DHS requiring her to report in person each month to the Detention and Removal Office in Newark, New Jersey, until she was taken into custody in early January, 2005. Given these circumstances, Gotowicz would seem to be an appropriate candidate for discretionary relief.

7