**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CELCIO JAVIER PEREZ-
VILLANUEVA,

Defendant - Appellant.

No. 09-50457

D.C. No. 3:08-cr-03611-JM-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Jeffrey T. Miller, District Judge, Presiding

Argued and Submitted August 6, 2010
Pasadena, California

Before: KOZINSKI, Chief Judge, WARDLAW, Circuit Judge, and SINGLETON,
Senior District Judge.[**]

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable James K. Singleton, United States District Judge for
the District of Alaska, sitting by designation.

Celcio Javier Perez-Villanueva appeals from his conviction for reentering the United States after a prior removal, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The motion to suppress was properly denied because, unlike the administrative rights given in *United States v. San Juan-Cruz*, 314 F.3d 384, 389 (9th Cir. 2002), Perez's consular rights, given to him before he was read his *Miranda* rights, did not contradict or undermine the *Miranda* rights.

The record demonstrates that Perez's *Miranda* waiver was voluntary, knowing, and intelligent. The Border Patrol Agent explained the significance of the *Miranda* rights to Perez, and clarified that "[b]efore we ask you any questions you need to understand your rights." Perez never indicated any confusion or uncertainty. Moreover, Perez signed a written waiver, was read his rights in Spanish, his native language, and had prior experience with the American criminal justice system. *See United States v. Gamez*, 301 F.3d 1138, 1144 (9th Cir. 2002). Thus Perez's will was not "overborne by the circumstances surrounding the giving of a confession." *Dickerson v. United States*, 530 U.S. 428, 434 (2000) (internal quotation mark omitted).

Perez concedes that his contention that the district court erred in denying his motion to dismiss the indictment is foreclosed by *United States v. Hernandez-Vermudez*, 356 F.3d 1011 (9th Cir. 2004).

AFFIRMED.