**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 11 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| MARIO ESCOBAR-GONZALEZ, | No. 13-71314 |
| Petitioner, | Agency No. A205-117-415 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 7, 2014[**]
Pasadena, California

Before: WARDLAW, CALLAHAN, and M. SMITH, Circuit Judges.

Mario Escobar-Gonzalez ("Escobar"), a native and citizen of El Salvador,

petitions for review of an Immigration Judge's order denying Escobar's motion to

place Escobar in non-expedited removal proceedings and affirming an asylum

officer's negative reasonable fear determination. Because Escobar is removable

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

for having been convicted of an aggravated felony, we lack jurisdiction over his petition for review. *See* 8 U.S.C. § 1252(a)(2)(C).

Escobar's conviction under California Penal Code § 289(i) is an aggravated felony because it matches the federal definition of "sexual abuse of a minor." *See* 8 U.S.C. § 1101(a)(43)(A). A conviction under § 289(i) necessarily involves knowingly engaging in a sexual act, a victim within the federally-defined age range,[1] and an age difference of at least four years. *See* 18 U.S.C. § 2243(a). It is irrelevant whether Escobar had knowledge of the victim's age. *See Pelayo-Garcia v. Holder*, 589 F.3d 1010, 1013 (9th Cir. 2009) (citing 18 U.S.C. § 2243(d)).

Although we have jurisdiction to review constitutional claims and questions of law, none of Escobar's remaining claims are colorable. *See* 8 U.S.C. § 1252(a)(2)(D). The Government may place aliens who entered without inspection in expedited removal proceedings on the ground that they have been convicted of an aggravated felony. *See United States v. Hernandez-Vermudez*, 356 F.3d 1011, 1012 (9th Cir. 2004). Even if we assume that Escobar exhausted his challenge to the agency's clerical error, he has not demonstrated prejudice. *See*

---

[1] If the victim of Escobar's offense was between 12 and 15, his conviction would correspond to 18 U.S.C. § 2243(a)(1). If the victim was under 12, his conviction would be an aggravated felony under 18 U.S.C. § 2241(c), which makes it a felony to "engage in a sexual act with a person who has not attained the age of 12 years. . . ."

*Chowdhury v. INS*, 249 F.3d 970, 973 n.2 (9th Cir. 2001). Escobar has no cognizable liberty interest in applying for a visa. Finally, a petition for review is not the proper avenue to challenge the denial of a bond hearing. *See Aguilar-Ramos v. Holder*, 594 F.3d 701, 704 n.3 (9th Cir. 2010).

**DISMISSED.**